UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MICHAEL A. ADAMCZYK,
    Debtor.
_____/

Case No. 16-21773-dob
Chapter 13 Proceeding
Hon. Daniel S. Opperman

## OPINION REGARDING CONFIRMATION OF THE DEBTOR'S CHAPTER 13 PLAN

### Introduction

On October 3, 2016, the Debtor filed his Chapter 13 Petition with this Court, along with his Chapter 13 Plan. The Debtor's Chapter 13 Plan provides for payments of $855.00 per month to the Chapter 13 Trustee, with $557.00 directed to FinancialEdge Community Credit Union ("FECCU"), which is the monthly payment that the Debtor owes to FECCU on a note signed by the Debtor and secured by the Debtor's principal residence. The Debtor failed to pay approximately two months of monthly payments prior to this Chapter 13 Petition, which, along with a shortage in his escrow account, totals $1,397.00, which the Debtor proposes to pay at the rate of $30.00 per month.

The Court signed an Order directing the Debtor to make a payment of $855.00 by electronic means on October 4, 2016. Since the filing of his Chapter 13 Petition, the Debtor has made two payments on November 5, 2016, and December 5, 2016.

The Debtor's first meeting of creditors was held on November 3, 2016, and FECCU filed an Objection to his Chapter 13 Plan on November 8, 2016. The Objection of FECCU states that the Debtor's Chapter 13 Plan violates 11 U.S.C. § 1322(b)(2) and 11 U.S.C. § 1322(b)(5), as more particularly stated in the case of *United Fin. Credit Union v. Maike (In re Maike)* 179 F. Supp.3d 750, 756-60 (E.D. Mich. 2016).

The Court heard oral arguments regarding confirmation of the Debtor's Chapter 13 Plan on

1

December 8, 2016. The Debtor argued that the *Maike* decision only requires this Court to ensure that

FECCU receives one monthly payment under this scenario of $557.00, with the remaining funds to be paid to Debtor's counsel.[1] In contrast, FECCU argues that since the Debtor filed his Chapter 13 Petition on October 3, 2016, two monthly payments of $557.00 that were due on November 1, 2016, and December 1, 2016, respectively, should be paid upon the first distribution. Both the Debtor and FECCU agreed that after confirmation of the Debtor's plan, FECCU is entitled to a monthly payment of $557.00, with the remaining amounts available to be paid to Debtor's counsel until those fees were paid. After Debtor's counsel's fees are paid, the pre-petition arrearage would be paid at the rate of $30.00 per month and other creditors paid according to the Chapter 13 Plan. In support of the Debtor's position, counsel argues that the *Maike* court recognized that certain post-confirmation defaults exist as a result of the tension within the Bankruptcy Code and that such an example exists in this case. As stated by the *Maike* court:

> While post-confirmation default in Chapter 13 cases resulting from the timing provisions of the code or from defaults in payments by the debtor may often be inevitable, and curable under § 1322(b)(5), it does not follow that § 1322(b)(5) allows a Chapter 13 plan to intentionally modify the homestead mortgagee's right to receive payment each month in contravention of § 1322(b)(2). Section 1322(b)(5) exists as a mechanism to cure defaults and maintain payments while a bankruptcy case is pending – it does not exist to allow the plan itself to create defaults as the expense of the homestead mortgagee in order to prioritize payment to debtor's counsel, exclusively.

*Id.* at 758.

FECCU agrees that the *Maike* court did recognize certain post-confirmation defaults that could be cured under 11 U.S.C. § 1322(b)(5), but argues that such is not the case here. Instead, as

---

[1] For simplicity, the Court acknowledges that the Chapter 13 Trustee is entitled to receive his modest and hard-earned fee upon receipt of funds by the Debtor. Since this amount is minimal and has no effect on the calculations argued by either counsel, the Court assumes this payment is made to the Chapter 13 Trustee.

2

argued by FECCU, the Chapter 13 Plan dictates that the Chapter 13 Trustee pay FECCU one payment of $557.00, with the remaining funds paid to Debtor's counsel. Per FECCU, the *Maike* court recognized only two permissible post-confirmation default sources: the Bankruptcy Code or a failure of the debtor to make payment.

## Jurisdiction

This Court has jurisdiction over this matter per 28 U.S.C. §157, 28 U.S.C. §1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L) (confirmations of plans). All issues before this Court arise from Title 11 of the United States Code and are therefore within this Court's jurisdiction.

## Analysis

This Court follows *Maike* in situations as are present in the instant case. In this case, the Chapter 13 Plan, by not paying the two payments of $557.00 for the months of November and December, 2016, but instead directing that only one payment of $557.00 be made, causes a post-confirmation default. There is no evidence that the Debtor has missed a payment to the Chapter 13 Trustee; the Debtor was current as of December 8, 2016, the date of the confirmation hearing. Second, the Court cannot construct from the time sequence in this case that the post-confirmation default was caused by the inherent 30-day delay in payment created by the Bankruptcy Code and 11 U.S.C. § 1326. Here, the Chapter 13 Trustee holds $1,710.00 (less his trustee fee), an amount far in excess of the $1,114.00 owed to FECCU for the November and December, 2016, payments.

The Court has considered the Debtor's arguments that the Bankruptcy Code can create a post-confirmation default which may be cured under 11 U.S.C. § 1322(b)(5), but rejects that the timing of this case falls within that possible exception. With a slight variation, however, the Court can see the merit of the Debtor's argument. For example, with the exact same facts regarding the due date of the Debtor's mortgage obligation, if the Debtor had filed his Chapter 13 Petition on

October 30, 2016, the first Chapter 13 Plan payment would have been due on November 30, 2016. The first meeting of creditors would have been held on November 23, 2016, and the confirmation hearing would be held on December 22, 2016, with objections due by December 14, 2016. At the December 22, 2016, confirmation hearing, the Debtor would have made one payment of $855.00 on November 30, 2016, but two payments of $557.00 due on November 1, 2016, and December 1, 2016, would be owed to FECCU. On December 22, 2016, $1,114.00 would be owed to FECCU, but the Chapter 13 Trustee would only have on hand approximately $855.00. Per *Maike*, the Bankruptcy Code, that is 11 U.S.C. § 1326, would have created this post-confirmation default and the Court would be allowed to confirm the Chapter 13 Plan on December 22, 2016. While the Court notes that if the Debtor made his payment on December 30, 2016, there may be sufficient funds to pay both the November 1, 2016, and December 1, 2016, payments, the Chapter 13 Trustee may not have those funds available such that he could distribute the entire $1,114.00 to FECCU in the January, 2017, payment. Regardless, the Court would be allowed on December 22, 2016, to confirm the Debtor's Chapter 13 Plan and still fit within the constraints set by *Maike*.

Such is not the case here. Instead, the Debtor's Chapter 13 Plan, as argued by the Debtor and the Chapter 13 Trustee, improperly directs that FECCU receive only $557.00 with the remainder to Debtor's counsel. Given this, per *Maike*, the Court denies confirmation of the Debtor's Chapter 13 Plan. The Court would sign an order confirming the Debtor's Chapter 13 Plan if language is modified per this Court's Opinion and to the satisfaction of FECCU to address the objections raised and argued regarding the Debtor's Chapter 13 Plan.

**Signed on December 20, 2016**

                                                      **/s/ Daniel S. Opperman**
                                              **Daniel S. Opperman**
                                              **United States Bankruptcy Judge**